UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

FIRST FLORIDA LIVING OPTIONS, LLC   CASE NO. 3:19-bk-02764
d/b/a HAWTHORNE INN OF OCALA        Chapter 11
d/b/a HAWTHORNE VILLAGE OF OCALA
d/b/a HAWTHORNE HEALTH AND
 REHAB OF OCALA

    Debtor.
_____/

## DEBTOR'S CHAPTER 11 CASE MANAGEMENT SUMMARY

Debtor, First Florida Living Options, LLC d/b/a Hawthorne Inn of Ocala, d/b/a Hawthorne Village of Ocala; and d/b/a Hawthorne Health and Rehab of Ocala, by its undersigned counsel, hereby files its Case Management Summary pursuant to Local Rule 2081-1, and states:

I.    Description of Debtor's Business

The Debtor is an assisted living facility and nursing home doing business as Hawthorne Inn of Ocala, Hawthorne Village of Ocala, and Hawthorne Health and Rehab of Ocala. The Debtor has capacity to accommodate 156 patients and is currently caring for approximately 122 patients. The patient census typically ranges in number from 115 to 130. The Debtor is wholly owned by Florida Living Options, Inc., which is a 501(c)(3) not for profit entity. The Debtor is also a 501(c)(3) not for profit entity.

II.    Location of Debtor's Operations and Whether Leased or Owned

The Debtor leases commercial property located at 4100 SW 33rd Avenue, Ocala, Florida, which property is the Debtor's principal place of business. The real property is leased from

Ocala 33rd Avenue, LLC ("Landlord").  The lease was entered into on December 1, 2011 and has a 120-month term (December 2021) with a 5-year renewal option.

III.    Reasons for Filing Chapter 11

The Debtor's business was adversely impacted by litigation with one of its residents, Melvin R. Kunz and his wife, Marian Kunz.  The lawsuit was filed on or about July 10, 2015 in the Fifth Judicial Circuit Court in and for Marion County, Florida.  An Arbitration Panel ruled in favor of the Plaintiff and on April 18, 2018, the Circuit Court entered a Final Judgment for Plaintiffs in the amount of $1,687,143.44 which was awarded to Melvin Kunz and an additional $300,000 that was awarded to Mrs. Kunz.  On April 30, 2018 a judgment lien recorded with the State of Florida in favor of Mr. and Mrs. Kunz in the total amount of $1,987,143.44.

On or about July 12, 2019, Mr. and Mrs. Kunz executed on their judgment, plus post judgment interest, and garnished the Debtor's bank accounts at Bank of America in the amount of $3,165,017.36.

During the Chapter 11 case, the Debtor will seek to either obtain adequate restructuring of its obligations with its creditors or sell its assets/business.

IV.    List of Current Officers and Directors, Salaries and Benefits:

The Debtor is wholly owned by Florida Living Options, Inc. and is the Debtor's Managing Member.  The following is the list of current officers and directors of the Debtor's Managing Member:

1. John Thompson, Director and Secretary;

2. Dale F. Fenwick, Director;

3. John Crock, Director and Vice President;

4. Charles Westbay, Director and President; and

     5.   Kenneth R. Hawkins, Director.

None of the officers and/or directors have any ownership interest in the Debtor. Further, the Debtor does not pay any salaries of the officers and/or directors.

V.    <u>Debtor's Annual Gross Revenues</u>

    In 2017, the Debtor's gross income was $11,874,788.00.

    In 2018, the Debtor's gross income was approximately $11,070,388.00.

    The Debtor's 2019 year to date gross income is approximately $4,579,782.00.

VI.   <u>Amounts Owed to Various Classes of Creditors</u>

    A.   Secured creditors and their collateral.

Cambridge Realty Capital Ltd. of Illinois and the Secretary Housing & Urban Development of hold a lien against the Debtor's assets, including cash collateral and furniture, fixtures, and equipment, as additional collateral in connection with a Mortgage Note of Landlord, in the amount of approximately $10,858,800.00.

    B.   Amount of unsecured claims of approximately $3,948,184.00.

VII.  <u>General Description and Approximate Value of the Debtor's Current Assets</u>

    Accounts Receivable—approximately $2,245,051.00;

    Cash on hand—approximately $89,672.00;

    Inventory and supplies—approximately $15,000.00;

    Furniture, Fixtures & Equipment—approximately $130,880.00;

    Vehicles—1998 Mini Bus and a 2011 Toyota—approximately $5,800.00.

VIII.  <u>Number of Employees and Amounts of Wages Owed as of Petition Date</u>

    174 – current.

IX. <u>Status of Debtor's Income, Payroll and Sales Tax Obligations</u>

Current.

X. <u>Anticipated Relief to be Requested within 14 Days</u>

1. Motion for Authority to Use Cash Collateral.

2. Motion to Pay Prepetition Wages of Non-Insider Employees.

XI. <u>Debtor's Strategic Objectives</u>.

The Debtor hopes to resolve all litigation issues, restructure its finances and capital structure, and continue in business under a confirmed plan of reorganization or in the alternative, to sell its assets or operations.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically by the Court's CM/ECF system to the parties listed on the attached list of CM/ECF Participants on July 22, 2019.

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/ Alberto F. Gomez, Jr.
Alberto ("Al") F. Gomez, Jr. (FBN: 784486)
401 E. Jackson St., Suite 3100
Tampa, FL 33602
Telephone: 813-225-2500
Facsimile: 813-223-7118
Email: al@jpfirm.com
Attorneys for Debtor